IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

VALARIE KERSTEN,                     Case No. 1:14-cv-00668-CL

           Plaintiff,

                                           **REPORT &**
      v.                                  **RECOMMENDATION**

QUICK COLLECT, INC.,

           Defendant.

CLARKE, Magistrate Judge.

     Plaintiff Valarie Kersten ("Plaintiff") moves this Court for an award of $23,702.45 under the Fair Debt Collection Practices Act (the "Act"), 15 U.S.C. § 1692 et seq. Specifically, Plaintiff seeks $1,000.00 in statutory damages, $21,952.50 in attorney's fees, and $749.95 in costs. Defendant Quick Collect, Inc. ("Defendant") has not filed a response or opposition to Plaintiff's motion. Exercising its duty to independently review Plaintiff's fee request, the Court recommends that Plaintiff's request be GRANTED.

## BACKGROUND

     On April 23, 2014, Plaintiff filed a Complaint (#1) alleging Defendant violated the Act when it failed to identify itself in a voice mail message for Plaintiff. On January 7, 2015, this

Page 1 – Report & Recommendation

Court granted (#39) Plaintiff's summary judgment motion with respect to liability and allowed the parties additional time to brief attorney's fees, costs, and damages. On January 30, 2015, Plaintiff filed her present motion (#41). Defendant did not file a response. Despite this, the Court must independently determine the award to which Plaintiff is entitled. *Gates v. Deukmejian*, 987 F.2d 1392, 1401 (9th Cir. 1993) (district courts are required to "independently review plaintiffs' fee request[s] even absent defense objections").

## LEGAL STANDARD

A debt collector who fails to comply with the Act's provisions is liable for (1) any actual damage sustained as a result of the failure; (2) "additional damages as the court may allow," not to exceed $1,000; and (3) the "in the case of any successful action . . . costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a). The Act "makes an award of fees mandatory" on proof of violation in order to incentivize private attorneys to take on debtor's enforcement actions. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008).

## DISCUSSION

### I.   Statutory Damages

Plaintiff seeks the maximum statutory damages award available under the Act: $1,000. In assessing this request, the court must consider, among other relevant factors, "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional ...." 15 U.S.C. § 1692k(b). Proof of actual damages is not required to support an award of statutory damages. *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 780 (9th Cir. 1982).

In this case, the first two factors do not support Plaintiff's request. There is no evidence that Defendant's violation was anything other than an isolated event. Nothing suggests Defendant has persistently failed to comply with the Act. *Davis v. Hollins Law*, 25 F.Supp.3d 1292, 1296 (E.D. Cal. June 12, 2014) (finding "a *de minimis* award appear[ed] appropriate" because the defendant's violation was nothing more than "a one-time occurrence"). Nor was Defendant's violation — failing to properly identify itself in a voice mail message — particularly egregious or discernibly harmful to Plaintiff. District courts within the Ninth Circuit have found similar violations did not warrant substantial awards. *Id.* (finding a collector's omission of required disclosures in a voicemail "does not support a significant award, as the court can discern no harm to plaintiff from the act."); *Forkum v. Co-Operative Adjustment Bureau, Inc.*, No. C 13-0811 SBA, 2014 WL 3101784, at *1 (N.D. Cal. July 13, 2014) (awarding $250 in statutory damages where the defendant failed to identify itself in a voice message).

However, the third factor weighs strongly in Plaintiff's favor. Defendant has not submitted any evidence that its violation was unintentional. Courts confronted with similarly lacking opposition have granted maximum statutory awards. *Tolentino v. Friedman*, 46 F.3d 645, 651 (7th Cir. 1995) (affirming maximum statutory damages under the FDCPA where defendant did not contest the maximum amount of damages); *Gordon v. Credit Bureau of Lancaster & Palmdale*, No. CV 11-2272 PSG PJWX, 2012 WL 1813668, at *3 (C.D. Cal. Apr. 20, 2012) (granting $1,000 in statutory damages under the Act because the Defendant failed to file opposition or provide evidence that its violations were unintentional). Moreover, at the summary judgment stage, Defendant mounted evidence that its error was, in fact, intentional. It was Defendant's policy to leave minimal information in voice messages for debtors. In light of Defendant's current lack of opposition and its prior evidentiary submissions regarding its intent,

the Court finds an award of $1,000 in statutory damages is warranted. *See Edwards v. Niagara Credit Solutions, Inc.*, 586 F.Supp.2d 1346, 1363 (N.D. Ga. 2008), *aff'd on other grounds*, 584 F.3d 1350 (11th Cir. 2009) ("The Court finds that, based on Defendant's admission that it is company policy for callers leaving answering machine messages not to identify themselves as calling on behalf of [the Defendant] or calling for the purpose of attempting to collect a debt, that Plaintiff should be awarded the maximum amount of statutory damages.").

## II. Attorney's Fees

Plaintiff requests an award of attorney's fees in the amount of $21,952.50. The Ninth Circuit instructs district courts to calculate attorney's fee awards using the lodestar method: multiplying the number of hours reasonably expended by a reasonable hourly rate. *Camacho*, 523 F.3d at 978. In most cases, the product of the lodestar calculation is presumptively reasonable. *Id.* However, it may be adjusted to account for a variety of reasonableness factors, including the quality of the attorney's performance, the results obtained, the novelty and complexity of a case, and the special skill and experience of counsel. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1209 n.11 (9th Cir. 2013).

The party seeking an award of attorney's fees "has the burden of submitting billing records to establish that the number of hours it has requested [is] reasonable." *Id.* at 1202. These records should exclude hours "that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Here, Plaintiff submits a detailed time report reflecting 105.10 total hours of work performed by four attorneys. Ex. A. Plaintiff also offers declarations from multiple attorneys experienced in the field of consumer law who opine that Plaintiffs' attorneys spent an appropriate amount of time on this case. Powelson Decl. ¶ 9; Bontrager Decl. ¶ 19; Martin Decl. ¶ 13. Defendant does not challenge the hours expended by Plaintiff's

attorneys. Upon review of the proffered time report and supporting declarations, the Court finds Plaintiff's four attorneys spent a reasonable number of hours litigating this case.

Having determined that Plaintiff's fee request reflects reasonable time spent, the Court must next determine whether Plaintiff's attorneys request reasonable hourly rates. "The 'prevailing market rates in the relevant community' set the reasonable hourly rates." *Gonzalez*, 729 F.3d at 1205 (quoting *Dang v. Cross*, 422 F.3d 800, 813 (9th Cir. 2005)). "'Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits.'" *Id.* (quoting *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010)). The fee applicant bears the burden of producing "satisfactory evidence" that the requested rate is reasonable within the relevant community given the attorney's experience, skill, and reputation. *Id.* at 1205-06. "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

Here, Plaintiff's attorneys produce (1) their own and other attorneys' affidavits; (2) the Oregon State Bar 2012 Economic Survey, which contains data on attorney billing rates across geographic areas and years of practice; and (3) the national 2010-11 Consumer Law Attorney Fee Survey Report. Ex. B; Ex. C; Ex. D. Judges within the District of Oregon have characterized the Oregon billing rate survey as "reliable" and "useful" in the lodestar analysis. *Campista v. Creditors Fin. Grp. LLC*, No. 3:13-CV-00640-SI, 2014 WL 127083, at *2 (D. Or. Jan. 13, 2014); *see also Sterling Sav. Bank v. Sequoia Crossing, LLC*, No. 09-555-AC, 2010 WL 3210855, at *8 (D. Or. Aug. 11, 2010) ("This court uses the Economic Survey's 'Hourly Billing Rate by Total Years Admitted to Practice' chart to find a reasonable rate based on an attorney's years of

practice, and does not award higher rates without some justification for doing so."). Though not relied on to the same degree, District of Oregon judges have also considered the Consumer Law survey for lodestar calculations. *Behrens v. Smith & Greaves, LLP*, No. 3:11-CV-01225-MO, 2012 WL 590845, at *2 (D. Or. Feb. 22, 2012).

Two of Plaintiff's attorneys, Berns and Dosi, were admitted to the Illinois bar in 2013. Agruss Decl. ¶¶ 10-12; Dosi Decl. ¶ 2, 5. They both claim an hourly rate of $175 (53.3 hours x. $175 = $9,327.50; 22.4 hours x $175 = $3,920.00). Ex. A. Numbers are not available for Southern Oregon specifically, but in Oregon generally, the average hourly rate for a private attorney who has been admitted to practice for zero to three years is $156. Ex. C, at 34. The median rate is $163 and the 75th percentile rate is $185. Ex. C, at 34. Similarly, the specialty survey proffered by Plaintiff reports an average hourly rate of $162 for an attorney with less than a year's experience in consumer law. Ex. D, at 31. It does not list an average rate for an attorney with one to three years of specialized experience. Ex. D., at 31. The Court views the filings drafted by Berns and Dosi as better than average. In light of the quality of their submissions, and because Berns and Dosi propose a rate between Oregon's 2012 median and 75th percentile rates, the Court accepts their rate of $175 as reasonable.

Associated local counsel, Cousineau, who has been licensed in Oregon since 2001, charged $250 an hour (2.3 hours x. $250 = $575.00). Ex. A; Cousineau Decl. ¶ 2. In Oregon, the average hourly rate for an attorney in private practice who has been admitted for 13 to 15 years is $253. Ex. C, at 35. Because it is lower than average for attorneys with commensurate experience, Cousineau's hourly rate of $250 is reasonable.

The partner assigned to this case, Agruss, who has been a licensed attorney in Illinois since 2004, proposes a rate of $300 an hour (27.1 hours x $300 = $8,130.00). Ex. A; Agruss

Decl. ¶¶ 2, 4. Agruss' requested fee is higher than the average, median, and 75th percentile hourly rates of Oregon attorneys in 2012 with the same number of years of experience. The average rate of Oregon attorneys with 10 to 12 years of experience is $247. Ex. C, at 35. The median rate is $240 and the 75th percentile rate is $275. Ex. C., at 35. Plaintiff argues that Agruss' proposed rate is reasonable given his specialization in consumer law. However, the consumer law survey proffered by Plaintiff does not support the conclusion that a consumer law specialty warrants an upward adjustment. It lists the average hourly rate for an attorney who has practiced consumer law for 10 to 11 years as $244 to $257 — which is commensurate with the more generalized Oregon rates. Ex. D, at 31. Plaintiff does not offer any evidence that this case was uniquely challenging or demanding. Rather, it involved a relatively straightforward claim for violations of the Act. On the other hand, the average 2012 rate does not appear sufficient given the quality of the work submitted and the fact that district courts, albeit in other states, have awarded Agruss with rates of $290-$300 as far back as 2009. Agruss Decl. ¶¶ 5-6; *Cabrera v. Bay Area Credit Servs.*, No. C 08-03761 JW, 2009 WL 1636916, at *1 (N.D. Cal. June 10, 2009). Based on the record, and allowing for reasonable inflation, the Court finds $300 to be a reasonable hourly rate for Agruss' work performed.

In sum, pursuant to the lodestar method, the Court finds Plaintiff should be awarded $21,952.50 in attorney's fees. The Court considered relevant reasonableness factors in its analysis and does not find that this is a rare or exceptional case requiring an adjustment to the lodestar calculation.

### III. Costs

Plaintiff seeks $749.95 to refund the costs of litigation. Specifically, Plaintiff's attorneys incurred a $400 filing fee (#1), $300 for three pro hac vice applications (#15, #21, #23), and

Page 7 – Report & Recommendation

$49.95 in service fees. Agruss Decl. ¶ 9. Defendant does not challenge any of these items. The Court finds the costs sought by Plaintiff were reasonably incurred and recoverable. FED. R. CIV. P. 54(d) (costs generally are awarded to the prevailing party in a civil action as a matter of course unless the court directs otherwise).

## RECOMMENDATION

For the reasons set forth above, Plaintiff's motion should be GRANTED. Plaintiff should be awarded $23,702.45; reflecting $1,000 in statutory damages, $21,952.50 in attorney's fees, and $749.95 in costs.

This Report and Recommendation will be referred to a district judge. Objections, if any, are due no later than fourteen (14) days after the date this recommendation is filed. If objections are filed, any response is due within fourteen (14) days after the date the objections are filed. See Fed. R. Civ. P. 72, 6. Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED this 27 day of April 2015.

MARK D. CLARKE
United States Magistrate Judge