IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

VALARIE KERSTEN

               Plaintiff,

      v.

QUICK COLLECT, INC.,

               Defendant.

Case No. 1:14-cv-00668-CL

**REPORT &
RECOMMENDATION**

CLARKE, Magistrate Judge.

Plaintiff Valarie Kersten moves (#70) for an award of post-judgment attorney's fees, costs, and interest. Plaintiff incurred this sum while attempting to enforce this Court's judgment (#47) against Defendant Quick Collect. Defendant opposes Plaintiff's motion, and petitions (#74) the Court to sanction Plaintiff's attorney. For the reasons set forth below, the Court recommends that Plaintiff's motion (#70) be GRANTED, with a downward adjustment to its requested post-judgment interest rate, and Defendant's petition (#74) be DENIED.

## BACKGROUND

On April 23, 2014, Plaintiff filed a Complaint (#1) alleging Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., when it failed to identify

Page 1 – Report & Recommendation

itself in a voice mail message for Plaintiff. On January 7, 2015, this Court granted (#39) Plaintiff's summary judgment motion with respect to liability and allowed the parties additional time to brief attorney's fees, costs, and damages. Plaintiff filed a request for damages on January 30, 2015. Defendant did not file a response. The Court independently reviewed Plaintiff's request and, on May 18, 2015, entered judgment (#47) in her favor for $23,702.45.

Despite Plaintiff's demands, Defendant failed to satisfy the judgment. Plaintiffs filed a motion for a judgment debtor examination (#48) as well as a motion to compel post-judgment discovery responses (#49). The Court granted both, ordering Defendant to fulfill Plaintiff's discovery requests by July 30, 2015 and appear for a judgment debtor examination on August 27, 2015. Defendant did not respond to Plaintiff's post-judgment discovery requests as ordered. Accordingly, the Court ordered (#59) Defendant to immediately respond to Plaintiff's requests, or appear before the Court on August 31, 2015 to show cause for its non-compliance. On August 21, 2015, Plaintiff moved (#60) the Court to hold Defendant in civil contempt for disobeying its order scheduling a judgment debtor examination for August 27, 2015. Although the date of the exam had not yet passed, Plaintiff represented that Defendant had made no attempts to comply with it. Indeed, there is no indication that Defendant attended the exam or otherwise complied with the order.

On August 28, 2015, one day after the scheduled examination and three days before the show cause hearing, Defendant filed a motion (#63) to deposit funds in satisfaction of the judgment. The Court granted (#68) the motion, and the funds were disbursed (#72). Because the disbursement mooted Plaintiff's need for discovery requests, the Court declined (#71) to impose the sanction of civil contempt against Defendant. Plaintiff's pending motion for post-judgment attorney's fees, costs, and interest followed.

## DISCUSSION

### I.    Plaintiff's Post-Judgment Fee Petition Should be Granted.

Where, as here, a plaintiff prevails in an action to enforce the FDCPA, the defendant debt

collector is liable for "the costs of the action, together with a reasonable attorney's fee as

determined by the court." 15 U.S.C. § 1692k(a)(3). The FCDPA "makes an award of fees

mandatory" on proof of violation in order to incentivize private attorneys to take on debtor's

enforcement actions. *Camacho v. Bridgeport Fin., Inc.,* 523 F.3d 973, 978 (9th Cir. 2008).

There is no binding precedent extending this mandate to post-judgment debt collection

efforts. Nevertheless, in *Nunez v. Interstate Corporate Systems, Inc.*, the Arizona Court of

Appeals found post-judgment attorney's fees to be recoverable under the FDCPA. 165 Ariz. 410,

411 (Ct. App. 1990). It explained that 15 U.S.C. § 1692k(a)(3) provides "statutory authority not

only to award fees in the initial action but also in any action … to enforce the judgment obtained

in that initial action." *Id.* Otherwise, unsuccessful defendants could "defeat the congressional

purpose of encouraging the bringing of suit by small claimants as a means of ending abusive debt

collection practices by creating the impediment of substantial costs and fees to enforcing any

judgment[.]" *Id.* at 411-12. Federal courts have granted post-judgment fee awards in other

contexts for similar reasons. *See Shaw v. AAA Eng'g & Drafting, Inc.*, 213 F.3d 538, 544-45

(10th Cir. 2000) (False Claims Act case); *Free v. Briody*, 793 F.2d 807, 808-09 (7th Cir. 1986)

(ERISA case); *Van Dyke v. BTS Container Serv., Inc.*, No. CIV. 08-561-KI, 2010 WL 56109, at

*1 (D. Or. Jan. 4, 2010) (Fair Labor Standards Act case). The Court finds these other decisions

persuasive. Plaintiff spent over three months attempting to enforce this Court's judgment against

Defendant. Her FDCPA victory would be hollow if she were not allowed to recover attorney's

fees and costs reasonably incurred during that time.

Plaintiff seeks $8,417.50 in attorney's fees. The Ninth Circuit instructs district courts to calculate attorney's fee awards using the lodestar method: multiplying the number of hours reasonably expended by a reasonable hourly rate. *Camacho*, 523 F.3d at 978. The party seeking an award of attorney's fees "has the burden of submitting billing records to establish that the number of hours it has requested [is] reasonable." *Gonzalez v. City of Maywood,* 729 F.3d 1196, 1202 (9th Cir. 2013). These records should exclude hours "that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Here, Plaintiff submits a detailed time report reflecting 39.6 hours of work performed by two attorneys. Ex. A. Upon review, the Court finds Plaintiff's attorneys spent a reasonable number of hours attempting to enforce this Court's judgment. The Court previously reviewed and approved (#46) Plaintiff's counsels' proposed hourly rates. Therefore, pursuant to the lodestar method, the Court finds Plaintiff should be awarded $8,417.50 in attorney's fees.

Plaintiff moves the Court for $73.30 to refund the costs of litigation: $61.80 for service of a demand letter and $11.50 for a certified copy of the judgment. The Court finds these costs were reasonably incurred and are recoverable. FED. R. CIV. P. 54(d) (costs generally are awarded to the prevailing party in a civil action as a matter of course unless the court directs otherwise).

Pursuant to 28 U.S.C. § 1961(a), Plaintiff is entitled to post-judgment interest "from the date of the entry of judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[] the date of the judgment." Judgment was entered on May 18, 2015. The weekly average 1-year constant maturity for the preceding week was 0.24. Plaintiff is due interest calculated at this rate. Plaintiff's request for interest calculated at 0.39, the most recent

rate posted by the Federal Reserve when Plaintiff filed their motion, departs from 28 U.S.C. § 1961(a) and should be denied.

## II.    Defendant's Motion for Sanctions Should be Denied.

Defendant moves for the imposition of sanctions against Plaintiff's attorney. Rule 11(c)(1) gives a court discretion to sanction an attorney who files a motion for an improper purpose, "such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." FED. R. CIV. P. 11(b)(1). On October 9, 2015, Plaintiff notified (#73) the Court that Defendant had failed to file opposition to its post-judgment fee petition. Defendant asserts that no opposition was needed because Plaintiff's fee request was mooted by this Court's order declining to hold Defendant in civil contempt. It equates Plaintiff's notice to harassment, and argues sanctions are appropriate to deter future abusive filings and compensate Defendant for expenses incurred responding to the notice.

Defendant's motion is procedurally and substantively flawed. First, it violates Local Rule 7-1(b)'s requirement that a motion "may not be combined with any response, reply, or other pleading." Because Defendant's request for sanctions is included in its response to Plaintiff's motion, it is procedurally improper and should be denied. *See NXSystems, Inc. v. Talon Transaction Technologies, Inc.*, No. 3:12-CV-02009-HZ, 2013 WL 3216107, at \*3 (D. Or. June 24, 2013) (denying a plaintiff's request for leave to amend because it was combined with a response to another motion). Second, Defendant failed to confer with Plaintiff in violation of Local Rule 7-1(a) and FED. R. CIV. P. 11. *See Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998) (before filing a motion under Rule 11, a party must serve the motion on the other side and allow 21 days to correct the challenged issue). Third, Defendant incorrectly asserts Plaintiff's request for post-judgment fees and costs was mooted when this Court declined to hold Defendant in civil

contempt. Plaintiff's motion for post-judgment fees is not dependent on, or even particularly related to, its separate motion for contempt. Fourth, Defendant does not allege any facts demonstrating Plaintiff filed her notice for an improper purpose. For all these reasons, Defendant's motion should be denied.

## RECOMMENDATION

For the reasons set forth above, Plaintiff's motion should be GRANTED, with a downward adjustment to their requested interest rate, and Defendant's motion should be DENIED. Plaintiff should be awarded $8,417.50 in attorney's fees, $73.30 in costs, and post-judgment interest calculated at a rate of 0.24.

This Report and Recommendation will be referred to a district judge. Objections, if any, are due no later than fourteen (14) days after the date this recommendation is filed. If objections are filed, any response is due within fourteen (14) days after the date the objections are filed. See Fed. R. Civ. P. 72, 6. Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED this _____ day of December 2015.

_____
MARK D. CLARKE
United States Magistrate Judge